# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10CR977 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ALISON HANNAH, | |
| Defendant. | |

HAYES, Judge,

The matter before the Court the motion to modify Magistrate Judge's order regarding bail (Doc. # 25) filed by the Defendant Allison Hannah.

## BACKGROUND FACTS

On March 9, 2010, the federal grand jury returned a three count indictment charging the Defendants Alison K. Hannah and Ronald M. Hannah with Conspiracy, in violation of 18 U.S.C. § 371; Bankruptcy Fraud in violation of 18 U.S.C. § 157(1); and Bank Fraud, in violation of 18 U.S.C. § 1344.

On April 1, 2010, Defendants were arraigned on the Indictment and entered pleas of not guilty. At the initial appearance, pretrial services recommended that court detain the Defendant Alison Hannah without bail. Based upon the facts presented by the Defendant and the Government, the Magistrate Judge concluded that conditions sufficient to assure the appearance of the Defendant Alison Hannah and the safety of the community were the standard conditions of pretrial release and the following additional conditions: $150,000.00 personal appearance bond secured by real property; participate in GPS monitoring program; actively

seek and maintain employment; surrender all travel documents; have no contact with witnesses; and reside with surety. The Magistrate Judge informed the Defendant Alison Hannah that the conditions set were without prejudice to come back at any time and move the court to consider that a different set of conditions are appropriate.

On April 2, 2010, the grand jury returned an eleven-count superseding indictment adding charges of Concealment of Assets, in violation of 18 U.S.C. § 152(1); False Oath, in violation of 18 U.S.C. § 152(2); False Statement Under Penalty of Perjury, in violation of 18 U.S.C. § 152(3); and Fraudulent Transfer of Assets, in violation of 18 U.S.C. § 152(7).

On April 15, 2010, Defendant Alison Hannah was arraigned on the superseding indictment. Counsel for Defendant Alison Hannah requested that the Magistrate Judge reduce the bond to a $50,000.00 signature bond. The Magistrate Judge found that the conditions of pretrial release set at the April 1, 2010 hearing were necessary to meet the requirements of 18 U.S.C. § 3142(c) but amended the conditions of the bond to eliminate the requirement that Defendant reside with the surety and to permit the $150,000.00 bond to be secured by cash or corporate surety or real property. The Court reviewed all of the standard and the additional conditions with the Defendant Alison Hannah.

**CONTENTIONS OF THE PARTIES**

Defendant Alison Hannah moves the Court to modify the Magistrate Judge's Order regarding bail to a $50,000.00 bond secured by two financially responsible adults. Defendant contends that the $50,000.00 security bond would assure her appearance at future proceedings and protect the community from any perceived threat.

The Government contends that the conditions of the $150,000.00 bond set by the Magistrate Judge are necessary to assure the appearance of the Defendant Alison Hannah based upon her limited ties to the community, her demonstrated inability to comply with court orders, and the serious financial nature of the crime.

**APPLICABLE LAW**

In setting the condition of release under 18 U.S.C. § 3142(c), the court must release a defendant "on conditions that are determined to be the least restrictive conditions that will

1  reasonably assure the Defendant's appearance and the safety of the community." *United States*
2  *v. Fidler*, 419 F.3d 1026, 1028 (9th Cir. 2005). If the district court orders that the defendant
3  be released subject to conditions, the statute specifically prohibits the court from "impos[ing]
4  a financial condition that results in the pretrial detention of the [defendant]." 18 U.S.C. §
5  3142(c)(2). "This provision is intended to prevent the practice of 'preventative detention,'
6  where a judge could in effect issue a detention order without a proper finding of risk of flight
7  or danger to the community by granting bail but setting an exorbitant financial condition that
8  the defendant could not meet." *Fidler*, 419 F.3d at 1028 quoting *United States v. Westbrook,*
9  780 F.2d 1185, 1187 n.3 (5th Cir. 1986).

10      In this case, the Magistrate Judge considered the facts presented and found that there
11  are conditions that can be fashioned that would assure the appearance of Defendant Alison
12  Hannah at court appearances and the safety of the community. The Magistrate Judge found
13  that bail in the amount of $150,000.00 secured by a trust deed or property to the United States
14  was appropriate along with other restrictions. At the second hearing, the Magistrate Judge
15  found that the $150,000.00 secured by real property remained a necessary condition based
16  upon the Defendant Alison Hannah's prior failures to appear, and her prior convictions. The
17  Magistrate Judge modified the conditions of the personal appearance bond only to allow a cash
18  or corporate surety bond.

19      This Court reviews all evidence "de novo" and makes its own determination whether
20  to modify the order of the Magistrate Judge. *See United States v. Keonig*, 912 F.2d 1190,
21  1192-93 (9th Cir.1990). The Court takes into account all available information concerning
22  the factors set forth in 18 U.S.C. § 3142(g) including 1) the nature and circumstances of the
23  offense charged, 2) the weight of the evidence against the person, 3) the history and
24  characteristics of the Defendant, and 4) the nature and seriousness of the danger to any person
25  or the community that would be posed by the person's release.

26                  **RULING OF THE COURT**

27      Defendant Alison Hannah is a long time resident of the San Diego area, and has no
28  history of drug or alcohol abuse. Defendant has not presented any credible facts during this

proceedings relating to her current or past employment and has a history of fraudulent conduct. In 1997, Defendant Alison Hannah was convicted of unauthorized practice of law and grand theft. In 2002, Defendant was convicted of kennel licensing. In 2003, the Defendant's driver's license was suspended for failure to appear. During the course of civil litigation, Defendant was investigated on at least two occasions for witness intimidation resulting in a restraining order entered in 2006. In 2006, Defendant was convicted of grand theft and theft from an elder, and sentenced to four years in custody and payment of $362,000.00 restitution. In this case, there is probable cause to believe that the Defendant Alison Hannah committed bankruptcy fraud and bank fraud. Defendant is charged with taking a document purporting to be an order of the bankruptcy court which was not a valid court order and using it to remove $60,000.00 from their bank account.

There is no information in the record of community or family ties which would ensure the Defendant's future appearances.

There is information in the record which demonstrates that the Defendant Alison Hannah has a history of failing to obey orders of the court. Defendant failed to appear in superior court proceedings in 1996 and in municipal court proceedings three times in 2001. During the bankruptcy proceedings, Defendant had to be compelled to attend creditors hearing. One week before her arrest in this case, the Defendant was arrested for being on the property of another in violation of a restraining order issued against her.

The Court finds that a bond in the amount of $50,000.00 secured by two financially responsible adults is not adequate in this case to reasonably assure the attendance of the Defendant Alison Hannah at her court proceedings and compliance with her conditions of release. Defendant has a history of financial fraud involving significant sums of money, impersonating an attorney, and intimidating litigants. The Court concludes that an adequate bond secured by property, cash, or corporate surety is required in this case in light of the Defendant Alison Hannah's past criminal history, and her demonstrated disregard for the integrity of the legal system and the orders of the court. The finding of the Magistrate Judge that a bond in the amount of $150,000.00 secured by cash or corporate surety or real property

1  is necessary to reasonably assure the defendant's attendance at her court proceedings and her
2  compliance with her conditions of release is reasonable and the request of the Defendant to
3  modify the bond to $50,000.00 secured by two financially responsible adults is denied.
4      IT IS HEREBY ORDERED that the motion to modify Magistrate Judge's order
5  regarding bail (Doc. # 25) filed by the Defendant Allison Hannah is denied.
6  DATED:  June 29, 2010

*William Q. Hayes* (signature)

**WILLIAM Q. HAYES**
United States District Judge