# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　vs.<br>ALISON HANNAH,<br>　　　　　　Defendant. | CASE NO. 10cr977WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Petition to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255 filed by Defendant. (ECF No. 173).

On June 4, 2014, this Court sentenced the Defendant to serve a term of imprisonment of 12 months for violation of her conditions of supervised release. (ECF No. 164).

On June 9, 2014, Defendant, on her own behalf, filed Notice of Appeal in the Court of Appeals for the Ninth Circuit. Defendant's appeal remains pending. (ECF No. 165).

On June 9, 2014, Defendant filed a Motion to Appoint Appellate Counsel requesting that her current counsel be relieved. (ECF No. 166).

On June 10, 2014, the Court of Appeals filed a time schedule order setting the deadlines for the filings in the appeal. (ECF No. 168).

On June 16, 2014, the Defendant, on her own behalf, filed the motion before the

Court to set aside, vacate or correct her sentence. (ECF No. 173). Defendant asserts that her conviction was obtained by false testimony and evidence submitted by the Government, by ineffective assistance of her counsel, and by perjury by the probation officer.

On July 3, 2014, the Court of Appeals for the Ninth Circuit filed an order notifying counsel for Defendant that he "remains responsible for prosecuting this appeal" ... "until counsel is relieved by this court." The Court of Appeals stated that "the previously established briefing schedule shall remain effect." (ECF No. 175).

## RULING OF THE COURT

28 U.S.C. §2255 provides that "[a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

In general, a district court should not entertain a collateral attack on a criminal proceeding during the pendency of a direct appeal. *See Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987). To avoid the risk of duplicitous or conflicting decisions or of deciding issues rendered moot by the direct appeal, the "usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal." *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir.1981). The general rule of forbearance is not jurisdictional. *Id.* However, absent most unusual circumstances which "outweigh the considerations of administrative convenience and judicial economy," the court will not entertain a collateral attack while the direct appeal is pending. *See Taylor*, 648 F.2d at 572; *see also United States v. Hill,* 908 F.2d 978 (9th Cir. 1990); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970) (per curiam).

In this case, the Court of Appeals stated clearly that defense counsel is

responsible for prosecuting the appeal unless relieved by the court. Under these circumstances, it would be premature to allow the Defendant, representing herself, to prosecute a Petition under Section 2255 while the direct appeal is pending.

IT IS HEREBY ORDERED that the Petition to vacate, set aside, or correct pursuant to Title 28 U.S.C. § 2255 filed by Defendant (ECF No. 173) is denied without prejudice as premature.

DATED: July 30, 2014

**WILLIAM Q. HAYES**
United States District Judge